UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WEST HARDEMAN,

    Plaintiff,                            CIVIL ACTION NO. 09-13826

vs.                                   DISTRICT JUDGE DENISE PAGE HOOD
                                       MAGISTRATE JUDGE DONALD A. SCHEER

SHANNON BULLOCK,
OAK PARK POLICE DEPARTMENT,
OAKLAND COUNTY SHERIFF'S
DEPARTMENT, STATE OF MICHIGAN,
JEFFREY WOODS, DETROIT
NEWS, AND TOM GREENWOOD,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: The instant prisoner civil rights case should be DISMISSED for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

\*   \*   \*

Plaintiff, by and through a retained attorney, filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on September 28, 2009, against the State of Michigan, various local governmental entities, the Detroit News, Tom Greenwood (a reporter for the newspaper), Jeffrey Woods (the Warden of the Kincheloe Correctional Facility) and Shannon Bullock (a Detroit police officer). Plaintiff asserts that he was wrongly convicted of assault with intent to rob while armed in connection with an attempted carjacking. He maintains that the police lacked probable cause to arrest and detain him on the felony charge. He also claims that the Detroit News and reporter Tom Greenwood defamed him when the newspaper published a story of his arrest after the carjacking attempt. Plaintiff pled guilty to the felony charge on September 29, 2007, and is presently incarcerated at the Kincheloe Correctional

Facility (See Exhibit A through C of Defendant's Oakland County Sheriff's Department Motion to Dismiss at Docket #14).

Defendants Oakland County Sheriff's Department and the Oak Park Police Department filed Motions to Dismiss on December 15, 2009 and January 13, 2010, respectively, based on a failure to state a claim upon which relief may be granted (Docket #14 & #33). The Detroit News and reporter Tom Greenwood filed a separate Motion to Dismiss on December 22, 2009 (Docket #16), maintaining that there was no diversity of citizenship between the parties that would allow this Court to exercise subject matter jurisdiction over the state law claims for libel and intentional infliction of emotional distress brought against them. They also argued that the libel claim against the newspaper was barred by the statute of limitations.

In lieu of a response to the respective Motions to Dismiss, Plaintiff filed a Motion for Leave to Amend his Complaint on December 31, 2009, (Docket #28) and an Amended Complaint on February 8, 2010 (Docket #40). The amendment essentially reiterated the factual allegations found in the original complaint, but Plaintiff proposed additional causes of action against the same defendants.

DISMISSAL OF LOCAL GOVERNMENT DEFENDANTS

There is no proper basis alleged in the complaint for a claim against the Oak Park Police Department or the Oakland County Sheriff's Department. The general rule is that a local governmental unit may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are executing some official policy, practice or custom. Monell v. NYC Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiff identifies no specific custom or policy which contributed to, or resulted in, his alleged mistreatment.

## ELEVENTH AMENDMENT IMMUNITY OF STATES AND THEIR OFFICIALS

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. amend. XI.

This immunity is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-01 (1984), by citizens of another state, foreigners or its own citizens. Edelman v. Jordan, 415 U.S. 652 (1974); Hans v. Louisiana, 134 U.S. 1 (1890). The amendment also bars suits for monetary relief against state officials sued in their official capacity.

The Eleventh Amendment has no application under two circumstances: 1) where a state has itself waived its immunity from federal suit; and 2) where Congress has abrogated the states' immunity. Since Plaintiff makes no argument for waiver or abrogation, the State of Michigan is entitled to summary dismissal. Defendant Woods should also be dismissed, sua sponte, as the Complaint does not allege any acts of wrongdoing by him. Warden Woods was apparently sued because he is the state official in charge of the prison where Plaintiff is presently incarcerated.

## SUA SPONTE DISMISSAL OF OFFICER BULLOCK

To the extent that Plaintiff is alleging false arrest after he was he was identified by witnesses as an armed robber, his claim would appear to be foreclosed by his guilty plea to assault with intent to rob while armed during an attempted carjacking. See Walker v.

3

Schaeffer, 854 F.2d 138, 142 (6th Cir. 1988) (plaintiff's § 1983 claim for false arrest was precluded by his prior plea of nolo contendere in state court proceedings in which the plaintiff had a " 'full and fair opportunity to litigate' the issues involving whether defendants ... falsely arrested and/or falsely imprisoned plaintiffs." ).

Viewing the uncontested facts objectively, I am satisfied probable cause existed to arrest Plaintiff for armed robbery, and that the existence of probable cause defeats Plaintiff's claim of false arrest. Moreover, Plaintiff has made no showing that his state court conviction was even challenged on appeal, much less reversed, overturned or questioned. Therefore, Plaintiff's civil claims, which purport to undermine his criminal conviction, are precluded from review. See Heck v. Humphrey, 512 U.S. 477 (1994) (in order to recover damages for allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

A civil rights complaint is an improper means for attacking the length of incarceration. In Preiser v. Rodriquez, 411 U.S. 475, 500 (1973), the Supreme Court held that when a state prisoner is challenging the fact or duration of his physical confinement, his sole remedy is a writ of habeas corpus. The Preiser court stated that the writ was the "exclusive remedy" for attacking the validity of state confinement. Id. at 489.

DISMISSAL OF STATE LAW CLAIMS

As correctly pointed out by the Defendants, this Court has no subject matter jurisdiction over Plaintiff's state law claims against the Detroit News and Tom Greenwood

for libel[1] and/or intentional infliction of emotional distress. Pursuant to 28 U.S.C. 1332(a), there must be complete diversity among the parties in order for the Plaintiff to bring state law claims in federal court in the absence of a federal question. Since the Detroit News is located in Michigan where both Tom Greenwood and Plaintiff reside, diversity does not exist and the both state law claims must be dismissed for lack of subject matter jurisdiction.

For the foregoing reasons, it is recommended that Defendants' respective Motions to Dismiss be granted. Defendants State of Michigan, Jeffrey Woods and Shannon Bullock should be dismissed, sua sponte, as Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Given this recommendation, Plaintiff's Motion for Leave to Amend his Complaint (Docket #28) should be denied, because the proposed amendments also failed to state a claim upon which relief may be granted against the named defendants. Thus, the requested amendments are futile. Plaintiff's respective Motions for Default Judgment against the Oak Park Police, State of Michigan and Jeffrey Woods (Docket #25 thru #27) should be denied.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within fourteen (14) days after they are served with a copy, or further appeal from Judge Hood's acceptance thereof is waived.

s/Donald A. Scheer<br>DONALD A. SCHEER<br>UNITED STATES MAGISTRATE JUDGE

DATED: March 1, 2010

---

[1] The libel claim is barred by the one year statute of limitations contained in MCL 600.5805(9). Plaintiff alleges that the Detroit News article giving rise to his libel claim was published on October 1, 2007, but the instant lawsuit seeking monetary damages was not filed until two years later.

# CERTIFICATE OF SERVICE

      I hereby certify on March 1, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 1, 2010: **None.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge Donald A. Scheer
                                              (313) 234-5217