UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WEST HARDEMAN,

      Plaintiff,                    CIVIL ACTION NO. 09-13826

vs.                                 DISTRICT JUDGE DENISE PAGE HOOD
                                     MAGISTRATE JUDGE DONALD A. SCHEER

SHANNON BULLOCK,
OAK PARK POLICE DEPARTMENT,
DETROIT POLICE DEPARTMENT,
OAKLAND COUNTY SHERIFF'S
DEPARTMENT, STATE OF MICHIGAN,
JEFFREY WOODS, DETROIT
NEWS, AND TOM GREENWOOD,

      Defendants.
_____/

## MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for Leave to Amend his Complaint (Docket #28) should be denied, because the proposed amendments fail to state a claim upon which relief may be granted against the named defendants. Thus, the requested amendments are futile.

                                                 \*   \*   \*

      Plaintiff, by and through a retained attorney, filed a prisoner civil rights complaint, pursuant to 42 U.S.C. § 1983, on September 28, 2009, against the State of Michigan, various local governmental entities, the Detroit News, Tom Greenwood (a reporter for the newspaper), Jeffrey Woods (the Warden of the Kincheloe Correctional Facility) and Shannon Bullock (a Detroit police officer). Plaintiff asserts that he was wrongly convicted of assault with intent to rob while armed in connection with an attempted carjacking. He

maintains that the police lacked probable cause to arrest and detain him on the felony charge. He also claims that The Detroit News and reporter Tom Greenwood defamed him when the newspaper published an account of his arrest. Plaintiff pled nolo contendere to the felony charge of assault with intent to rob while armed on September 29, 2007, and is presently incarcerated at the Kincheloe Correctional Facility (See Exhibit A through C of Defendant's Oakland County Sheriff's Department Motion to Dismiss at Docket #14).

Defendants Oakland County Sheriff's Department and the Oak Park Police Department filed Motions to Dismiss on December 15, 2009 and January 13, 2010, respectively, based on a failure to state a claim upon which relief may be granted (Docket #14 & #33). The Detroit News and reporter Tom Greenwood filed a separate Motion to Dismiss on December 22, 2009 (Docket #16), maintaining that there was no diversity of citizenship between the parties that would allow this court to exercise subject matter jurisdiction over the state law claims for libel and intentional infliction of emotional distress brought against them. They also argued that the libel claim against the newspaper was barred by the statute of limitations.

In lieu of a response to the respective Motions to Dismiss, Plaintiff filed a Motion for Leave to Amend his Complaint (Docket #28) on December 31, 2009, and an Amended Complaint (Docket #40) on February 8, 2010. The amendments essentially reiterate the factual allegations found in the original complaint, but Plaintiff proposed additional causes of action against the same defendants. Plaintiff's Motion for Leave to Amend his Complaint was referred to the undersigned on March 1, 2010 (Docket #46). The Detroit Police Department filed a separate Motion to Dismiss on March 2, 2010, based on a failure to state a claim upon which relief may be granted (Docket #47).

DISCUSSION AND ANALYSIS

As stated in an earlier Report and Recommendation, dated March 1, 2010 (Docket #45), there is no proper basis alleged in the complaint for a claim against the Detroit and Oak Park Police Departments or the Oakland County Sheriff's Department. The general rule is that a local governmental unit may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are executing some official policy, practice or custom. Monell v. NYC Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiff identifies no specific custom or policy in his Amended Complaint which contributed to, or resulted in, his alleged mistreatment.

The State of Michigan is also entitled to summary dismissal, as the Eleventh Amendment confers immunity on the individual states and their officers sued in their official capacity. Defendant Woods should also be dismissed, sua sponte, as the Amended Complaint does not allege any acts of wrongdoing by him. Warden Woods was apparently sued because he is the state official in charge of the prison where Plaintiff is presently incarcerated.

To the extent that Plaintiff is alleging false arrest after he was he was identified by witnesses as an armed robber, his claim would appear to be foreclosed by his nolo contendere plea to assault with intent to rob while armed during an attempted carjacking. See Walker v. Schaeffer, 854 F.2d 138, 142 (6th Cir. 1988) (plaintiff's § 1983 claim for false arrest was precluded by his prior plea of nolo contendere in state court proceedings in which the plaintiff had a " 'full and fair opportunity to litigate' the issues involving whether defendants ... falsely arrested and/or falsely imprisoned plaintiffs." ).

Viewing the uncontested facts objectively, I am satisfied that probable cause existed to arrest Plaintiff for armed robbery, and that the existence of probable cause defeats Plaintiff's claim of false arrest. Moreover, Plaintiff has made no showing that his state court conviction was even challenged on appeal, much less reversed, overturned or questioned. Therefore, Plaintiff's civil claims, which purport to undermine his criminal conviction, are precluded from review. See Heck v. Humphrey, 512 U.S. 477 (1994)(in order to recover damages for allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Finally, this Court has no independent subject matter jurisdiction over Plaintiff's state law claims against the Detroit News and Tom Greenwood for libel[1] and/or intentional infliction of emotional distress. Pursuant to 28 U.S.C. 1332(a), there must be complete diversity among the parties in order for the Plaintiff to bring state law claims in federal court in the absence of a federal question. Since The Detroit News is located in Michigan where both Tom Greenwood and Plaintiff reside, diversity does not exist and the both state law claims should be dismissed for lack of subject matter jurisdiction.

For the foregoing reasons, it is recommended that Plaintiff's Motion for Leave to Amend his Complaint (Docket #28) should be denied, because the proposed amendments fail to state a claim upon which relief may be granted against the named defendants. Thus,

---

[1] The libel claim is barred by the one year statute of limitations contained in MCL 600.5805(9). Plaintiff alleges that the Detroit News article giving rise to his libel claim was published on October 1, 2007, but the instant lawsuit seeking monetary damages was not filed until two years later.

the requested amendments are futile. Defendant Detroit Police Department's Motion to Dismiss (Docket #47) should be granted. This case should be dismissed with prejudice. Given this recommendation, Defendant Detroit News' Motion to Strike the Amended Complaint (Docket #44) should be granted. Defendant Bullock's Motion to take Plaintiff's Deposition (Docket #45) should be denied as moot.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within fourteen (14) days after they are served with a copy, or further appeal from Judge Hood's acceptance thereof is waived.

                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE

DATED: March 15, 2010

_____

### CERTIFICATE OF SERVICE

I hereby certify on March 15, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 15, 2010: **None.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217