**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID WEST HARDEMAN,

        Plaintiff,

v.                                                Case No. 09-13826
                                                  Honorable Denise Page Hood

SHANNON BULLOCK,
OAK PARK POLICE DEPARTMENT,
OAKLAND COUNTY SHERIFF'S
DEPARTMENT, STATE OF MICHIGAN,
JEFFREY WOODS, DETROIT NEWS,
AND TOM GREENWOOD,

        Defendants.

_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Donald A. Scheer's Report and Recommendation ("R&R") **[Docket No. 45, filed on March 1, 2010]**, and Magistrate Judge Donald A. Scheer's Supplemental Report and Recommendation **[Docket No. 48, filed on March 15, 2010]**. The initial R&R recommends dismissal of the matter for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Supplemental R&R recommends denying Plaintiff's Motion for Leave to Amend his Complaint **[Docket No. 28, filed on December 31, 2009]**.[1] Objections were filed by Plaintiff **[Docket Nos. 49 and 53, filed on**

---

[1] Subsequent to the filing of these R&R's, Plaintiff filed a Motion for Preliminary Injunction **[Docket No. 54, filed on April 7, 2010],** a Motion for Leave to Amend Complaint **[Docket No. 64, filed on May 27, 2010],** and another Motion for Leave to Amend Complaint **[Docket No. 74, filed on August 3, 2010].** Because the Court is accepting and adopting the Magistrate Judge's R&R dismissing the instant case, these motions are MOOT.

**March 15, 2010 and March 29, 2010]**. Responses to the objections were filed by all defendants.

Plaintiff David Hardeman filed this matter on September 28, 2009, under 42 U.S.C. § 1983, alleging claims against government entities, the Detroit News, Tom Greenwood (a reporter for the newspaper), Jeffrey Woods (warden), and Shannon Bullock (a Detroit police officer). Plaintiff claims that he was illegally arrested and detained, wrongly convicted of assault with intent to rob, and, separately, defamed by the Detroit News and Tom Greenwood. For the reasons set forth below, the Court ACCEPTS Magistrate Judge Donald A. Scheer's Report and Recommendation and ACCEPTS Magistrate Judge's Supplemental Report and Recommendation.

## II.     STANDARDS OF REVIEW

### A.     Report and Recommendation

The standard for review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."

### B.     Rule 12(b)(6) Dismissal

Dismissal is appropriate under the Federal Rules of Civil Procedure 12(b)(6) where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate where a plaintiff cannot establish any set of facts that would entitle him to the relief sought. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). In a ruling on Rule 12(b)(6)

motion, a court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas*, 537 F.3d 857, 858 (6th Cir. 1976).

## III.  LAW AND ANALYSIS

In recommending that Plaintiff's Complaint be dismissed, the Magistrate Judge also recommends that Defendants' Motions to Dismiss be granted **[Docket No**s. **13, 14, 33]**. The Magistrate Judge also recommends that Plaintiff's Motion for Leave to Amend his Complaint **[Docket No. 28]** be denied. Finally, the Magistrate Judge recommends that Plaintiff's Motions for Default Judgment against the Oak Park Police, State of Michigan, and Jeffrey Woods **[Docket Nos. 25-27]** be denied. Having reviewed the motions and the objections, the Court finds that the Magistrate Judge reached the correct conclusion for the proper reasons.

Defendants Oakland County Sheriff's Department and the Oak Park Police Department filed Motions to Dismiss. **[Docket No. 14, Docket No. 33**). The motions argue substantively that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as Plaintiff pled *nolo contendere* to the conviction underlying his claim. His claim necessarily challenges the validity of the underlying conviction, which is precluded by *Heck*. The Magistrate Judge states that seeking a writ of habeas corpus is the proper way to challenge a conviction, rather than bringing a claim under § 1983.[2] Plaintiff objects, arguing that the habeas corpus statute allows an exception for instances where "there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the

---

[2] Although Plaintiff's Complaint is titled "Complaint and Writ of Habeas Corpus," there is no indication that he has pursued state remedies, or adequately stated a claim upon which habeas relief can be granted.

prisoner." 28 U.S.C. § 2254.  Plaintiff continues by arguing that there are both the absence of available state corrective process and circumstances that would render such process ineffective to protect the rights of the prisoner.  This Court need not examine the merits of this argument.  The language of the statute provides an exception from exhausting state remedies under certain circumstances, not an exception from seeking habeas corpus relief.  The Court agrees with the Magistrate Judge that Plaintiff's claims are barred by *Heck*.

The Court agrees with the Magistrate Judge that there is no basis alleged in the Complaint for a claim against the Oakland County Sheriff's Department, the Oak Park Police Department, or the Detroit Police Department because, unless employees or agents are executing official policy, practice or custom when inflicting a wrong, a local government unit cannot be sued under § 1983.  Plaintiff's objections appear to concede that the Oakland County Sheriff's Department and Oak Park Police Department are not the proper parties.  (Plaintiff's Objections at 10).  Plaintiff argues that unnamed officials of the Oakland County Sheriff's Department and the Oak Park Police Department were executing an official policy, practice, or custom.  However, the "unnamed officials" are not named parties in this lawsuit.  *See* Complaint.  Further, Plaintiff has not demonstrated that any wrongful actions occurred while the officers were executing official policy, practice or custom.

The Magistrate Judge states that the State of Michigan is entitled to summary judgment based on sovereign immunity.  Plaintiff does not argue that Congress has abrogated Michigan's immunity or that Michigan has waived its immunity.  Plaintiff objects, stating that prospective relief is allowed by the Eleventh Amendment.  Plaintiff states that he is challenging an invalid sentence and an invalid complaint, both relative to the underlying conviction in this matter.

4

However, as discussed above, the proper method for making such challenges is by filing a petition for habeas corpus, not by making a claim under § 1983. Plaintiff's objections relative to whether habeas corpus should issue are improper, as Plaintiff has not filed a petition for habeas corpus.

Plaintiff objects to the Magistrate Judge's finding that this Court has no subject matter jurisdiction over the state law claims raised against the Detroit News and Tom Greenwood. Plaintiff states that subject matter jurisdiction exists under § 1983. However, Plaintiff has failed to establish that the Detroit News and Tom Greenwood, private actors, acted in concert with the State or its agents such that it could be sued under § 1983. Plaintiff's conspiracy theory without facts to support it is not enough to establish that the Detroit News and Tom Greenwood acted under color of law.

With respect to Plaintiff's state law claims, Plaintiff objects on the grounds that his libel claim is not barred by the statute of limitations, because M.C.L. 600.5851(1) tolls the statute of limitations until one year after a disability is removed, and imprisonment is considered a disability under the statute. However, as Defendants Detroit News and Tom Greenwood argue, the statute has since been amended, such that imprisonment is considered a disability only if the person was imprisoned on the effective date of the 1993 amendment, or was released from prison or died within a year preceding the date of the 1993 amendment. Plaintiff falls into neither category and is barred from bringing a libel claim by the statute of limitations.

Plaintiff objects to the Magistrate Judge's recommendation of dismissal for his intentional infliction of emotional distress (IIED) claim for lack of subject matter jurisdiction, arguing supplemental jurisdiction to a federal question. However, the discretion lies with the

5

Court to determine whether to remand, dismiss, or retain the jurisdiction where, as here, there is no longer a federal question. *See Osborn v. Haley*, 549 U.S. 225, 245 ("Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction.") Even if this Court retained jurisdiction, Plaintiff has failed to state a claim for IIED. Plaintiff has not met the first element of an IIED claim, which is establishing "extreme and outrageous conduct." *See, e.g. Duran v. Detroit News*, 200 Mich. App. 622 (1993). The IIED claim must be dismissed.

The Magistrate Judge recommends dismissing Plaintiff's claims against Officer Bullock. As stated above, civil claims brought under § 1983, which challenge the underlying conviction, are barred from review by *Heck*. Plaintiff's Complaint asserts that he had no gun at the time of the shooting to warrant probable cause (¶ 94), that he was shot without probable cause (¶ 94), that he was arrested without probable cause (¶¶ 98-99), and that, in light of these circumstances, the force used by Officer Bullock was unreasonable (¶ 97). However, Plaintiff entered a *nolo contendere* plea and was convicted of assault with attempt to rob while armed. Plaintiff's claims of excessive force and arrest without probable cause, then, challenge the underlying conviction, and are barred by *Heck*.

Plaintiff filed a Motion for Leave to Amend Complaint **[Docket No. 28]**. The Magistrate Judge recommends denial of that motion on the grounds that "the proposed amendments fail to state a claim upon which relief may be granted against the named defendants." Supp. R&R at 4. Plaintiff's objections to this finding merely restate the arguments contained in Plaintiff's other objections, which have been addressed in detail above. The Court agrees with the Magistrate Judge's finding that the proposed amendments would be futile.

6

For the reasons set forth above and in the Report and Recommendation,

**IT IS ORDERED** that Magistrate Judge Donald A. Scheer's Report and Recommendation **[Docket No. 45, filed on March 1, 2010]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.  Magistrate Judge Donald A. Scheer's Supplemental Report and Recommendation **[Docket No. 48, filed on March 15, 2010]** is also **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Oakland County Sheriff's Motion to Dismiss **[Docket No. 14, filed on December 15, 2009]**, Defendants' Detroit News and Tom Greenwood's Motion to Dismiss Plaintiff's Complaint **[Docket No. 16, filed on December 22, 2009]**, Defendant Oak Park Police Department's Motion to Dismiss and/or to Set Aside Default **[Docket No. 33, filed on January 13, 2010]**, Defendant Detroit Police Department's Motion to Dismiss **[Docket No. 47, filed on March 2, 2010]** are **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Against City of Oak Park Police Department **[Docket No. 25, filed on December 30, 2009]**, Plaintiff's Motion for Default Against State of Michigan **[Docket No. 26, filed on December 31, 2009]**, Plaintiff's Motion for Default Against Jeffrey Woods Warden Kincheloe Correctional Facility, **[Docket No. 27, filed on December 31, 2009]** are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint **[Docket No. 28, filed on December 31, 2009]** and Plaintiff's Motion for Extension of Time to Respond to Motions to Dismiss by Defendants Oakland County Sheriff Detroit News and Tom Greenwood and Affirmative Defenses of Defendant Shannon Bullock **[Docket No. 24, filed on December 30, 2009]** are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Detroit News and Tom Greenwood's Motion to Strike Plaintiff's Amended Complaint **[Docket No. 43, filed on February 22, 2010]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Bullock's Motion for Leave to Take Deposition in State Confinement Facility **[Docket No. 44, filed on February 22, 2010]**, Plaintiff's Motion for Preliminary Injunction **[Docket No. 54, filed on April 7, 2010],** Plaintiff's Motion for Leave to Amend Complaint **[Docket No. 64, filed on May 27, 2010],** and Plaintiff's Motion for Leave to Amend Complaint **[Docket No. 74, filed on August 3, 2010]** are **MOOT.**

**IT IS FURTHER ORDERED** that this matter is **DISMISSED with prejudice.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 24, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 24, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager